13-2854-cv
Kruk v. Metro. Life Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand fourteen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges.*[*]
-----------------------------------------------------------------------
RITA KRUK,
                    *Plaintiff-Appellant*,


                    v.                                    No. 13-2854-cv


METROPOLITAN LIFE INSURANCE COMPANY, INC., PECHINEY PLASTIC PACKAGING INC.,
                    *Defendants-Appellees.*
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        JEFFREY M. SKLARZ, Green & Sklarz LLC, New Haven, Connecticut.

APPEARING FOR APPELLEES:        MICHAEL H. BERNSTEIN (John T. Seybert, Of Counsel, *on the brief*), Sedgwick LLP, New

---

[*] The Honorable Robert D. Sack, originally a member of this panel, recused himself from this case.  The remaining two panel members, who are in agreement, decide this case pursuant to Second Circuit Internal Operating Procedure E(b).

York, New York, *for Appellee Metropolitan Life Insurance Company, Inc.*

SEAN M. SMITH (Kenneth W. Gage, *on the brief*), Paul Hastings LLP, Chicago, Illinois, *for Appellee Pechiney Plastic Packaging Inc.*

Appeal from a judgment of the United States District Court for the District of Connecticut (Charles S. Haight, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 28, 2013, and amended July 11, 2013, is AFFIRMED.

Plaintiff Rita Kruk challenges the award of summary judgment in favor of defendants Metropolitan Life Insurance Company, Inc. ("MetLife") and Pechiney Plastics Packaging Inc. ("Pechiney"), on her claim to long-term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Specifically, she contends that the district court erred in concluding, as a matter of law, that no genuine disputed issue of material fact called into question MetLife's determination, made as administrator of Pechiney's Disability Plan ("Plan"), that Kruk was eligible for long-term benefits based on mental disability, but not based on physical disability.[1] In an ERISA case, we review the district court's grant of summary judgment based on the

---

[1] Under the Plan, a permanent mental disability warrants long-term benefits for 24 months, which MetLife has paid Kruk. By contrast, a permanent physical disability requires that long-term benefits be paid until the disabled employee reaches age 65.

2

administrative record <u>de novo</u>, applying the same legal standard as the district court.  <u>See</u>

<u>Hobson v. Metro. Life Ins. Co.</u>, 574 F.3d 75, 82 (2d Cir. 2009).  In doing so here, we

assume the parties' familiarity with the facts and the record of prior proceedings, which we

reference only as necessary to explain our decision to affirm.[2]

1.　　Standard of Review

Controlling precedent instructs that a plan administrator's underlying benefits

determination is reviewed <u>de novo</u> unless the plan grants the administrator discretionary

authority to determine eligibility for benefits or to construe the terms of the plan, in which

case judicial review is deferential, asking only if the eligibility determination was

"arbitrary and capricious," <u>i.e.</u>, if it was "without reason, unsupported by substantial

evidence or erroneous as a matter of law."  <u>Miles v. Principal Life Ins. Co.</u>, 720 F.3d 472,

485 (2d Cir. 2013) (internal quotation marks omitted); <u>see Firestone Tire & Rubber Co. v.</u>

<u>Bruch</u>, 489 U.S. 101, 115 (1989).

Kruk does not—and cannot—dispute that the Plan gives MetLife discretionary

authority to determine eligibility for benefits.  Nevertheless, she argues that judicial

review of MetLife's challenged decision here should be <u>de novo</u> in light of a prior vacatur

of MetLife's initial denial of benefits as arbitrary and capricious.  <u>See Kruk v. Pechiney</u>

<u>Plastics, Inc.</u> ("<u>Kruk I</u>"), No. 3:02-cv-00121-AVC (D. Conn. Dec. 27, 2004).  We reject

---

[2] As Kruk does not challenge the judgment in favor of Pechiney on grounds distinct from those raised to challenge the judgment in favor of MetLife, our rejection of the latter challenge results in affirmance of summary judgment for both defendants.

this argument, largely for the reasons stated by the district court in its comprehensive memorandum awarding summary judgment to MetLife. Nor does <u>Conkright v. Frommert</u>, 559 U.S. 506 (2010), cited by Kruk, warrant a different conclusion because the review errors identified in <u>Kruk I</u> were corrected by expansion of the record on remand, and the record here fails to demonstrate the sort of systemic misconduct by plan administrators that might warrant a departure from the usual standard of deferential review of discretionary decisions. <u>See</u> <u>Conkright v. Frommert</u>, 559 U.S. at 521 (referencing "[m]ultiple erroneous interpretations of the same plan provision" or failure to act honestly and fairly). Thus, like the district court, we apply arbitrary-and-capricious review to MetLife's discretionary decision as to Kruk's eligibility for long-term disability benefits and, substantially for the reasons stated by the district court, we conclude that MetLife is entitled to summary judgment.

2.      <u>Award of Summary Judgment</u>

In urging vacatur, Kruk submits that the district court improperly viewed the evidence in MetLife's favor and improperly imposed the burden of proof on Kruk rather than MetLife. To the extent our review of the summary judgment award is <u>de novo</u>, any review errors by the district court might be deemed irrelevant. Nevertheless, because we adopt the district court's reasoning as our own, we here state that these challenges to the district court's analysis are without merit.

4

First, the district court correctly set forth the summary judgment standard, requiring MetLife to demonstrate no genuine dispute of material fact as to whether its challenged eligibility decision was arbitrary and capricious.   Kruk can point to no instance in which the district court failed to apply this standard.   Her mere conclusory assertions to that effect are insufficient to defeat summary judgment.   See Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (noting that conclusory statements are insufficient to defeat summary judgment).   Insofar as Kruk repeatedly references disputes among medical experts as to her physical condition, those disputes fall precisely within the discretion of the plan administrator to resolve.   Our review is narrowly circumscribed to assuring that MetLife's ultimate eligibility decision was not so lacking in "reason, unsupported by substantial evidence or erroneous as a matter of law" as to have been made arbitrarily and capriciously.   Miles v. Principal Life Ins. Co., 720 F.3d at 485–86 (internal quotation marks omitted).

Second, the district court concluded that MetLife furnished substantial evidence for its decision that Kruk's long-term disability was not attributable to physical infirmities, precluding any identification of abuse of discretion.   This belies the argument that the district court improperly assigned the summary judgment burden.   Indeed, once MetLife demonstrated evidentiary support for its challenged decision, Kruk did bear the burden of coming forward with specific facts showing a genuine material issue for trial, i.e., facts that could support a finding that MetLife made its decision arbitrarily and capriciously.   See

5

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); accord Wrobel v. Cnty. of Erie, 692 F.3d 22, 30 (2d Cir. 2012). On an independent review of the record, we conclude, as the district court did, that she failed to do so.

Kruk submits that MetLife's failure to consider evidence favorable to her claim, particularly as reflected in the earlier vacatur decision in Kruk I, raises a triable issue of fact regarding arbitrary and capricious decision making. In deciding whether a plan administrator's discretionary decision is supported by substantial evidence, a reviewing court cannot substitute its own judgment for the insurer as if it were considering the issue of eligibility anew. See Hobson v. Metro. Life Ins. Co., 574 F.3d at 83–84. Rather, the court asks whether there is "such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the administrator[, which] requires more than a scintilla but less than a preponderance." Durakovic v. Bldg. Serv. 32 BJ Pension Fund, 609 F.3d 133, 141 (2d Cir. 2010) (internal quotation marks omitted).

On such review, we conclude, as the district court did, that MetLife's decision as to Kruk's physical infirmities was based on an expansive medical record. Nor is there any reason to doubt MetLife's thorough review of the record in light of its solicitation of further expert reports to help resolve conflicting opinions. MetLife's choice to accord more weight to some expert opinions rather than others in differentiating between Kruk's mental and physical infirmities and determining the cause of her permanent disability was sufficiently within its discretion to preclude identification of arbitrary and capricious

6

decision making.   See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003);

Fuller v. J.P. Morgan Chase & Co., 423 F.3d 104, 107 (2d Cir. 2005).   In short, the

question is not whether the record would have permitted a plan administrator to find

otherwise, but whether the record compelled the different conclusion urged by Kruk.   Like

the district court, we conclude it does not.

Kruk's challenge to the independence of reviewing physicians hired by MetLife

fails for reasons stated by the district court.   See Hobson v. Metro. Life Ins. Co., 574 F.3d

at 90.   So too does her complaint about MetLife's failure to request an independent

medical examination.   See id. at 90–91.

In sum, on de novo review of the record, we conclude that there is no triable issue of

material fact that would admit a conclusion that MetLife's challenged eligibility

determination was arbitrary and capricious.   We have considered Kruk's remaining

arguments and conclude that they are without merit.   Therefore, we AFFIRM the

judgment of the district court.

<div style="margin-left: 40%;">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

</div>